### CAPÓ *v.* CAPÓ.

APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 616.—Resuelto en marzo 7, 1911.

ALEGACIONES—EXCEPCIONES PREVIAS—CAUSA DE ACCIÓN—LIBELO.—En la demanda
se alega que el demandado consignó e hizo consignar en un instrumento pú-
blico, con el propósito de deshonrar y difamar al demandante, atribuyéndole

ilegal y falsamente haber empezado a ejecutar un grave delito, las siguientes
palabras que fueron leídas por diferentes personas y que hacen referencia al
demandante: ''Y en tal concepto la demanda a que nos referimos podría con
fundamento juzgarse como un conato de estafa, si bien nosotros no lo atri-
buimos sino a debilidad de memoria de Don Juan Ignacio Capó.'' (el deman-
dante) *Se resolvió:*

(*a*) Que la excepción previa interpuesta contra la demanda de no aducir
hechos suficientes para constituir causa de acción, era procedente, por no
envolver, las palabras así usadas, una imputación directa de la comisión
de un delito por parte del demandante;

(*b*) Que el uso de tales palabras puede envolver un acto malicioso del
demandado, pero sin una alegación más específica de malicia o falsedad, por
parte del último, y a falta de alguna alegación al efecto de que el deman-
dante ha sido perjudiciado por el uso de tales expresiones, hay que estimar
que la demanda no aduce causa de acción;

(*c*) Que la corte no puede determinar, por la demanda, si el demandado
estuvo justificado o nó, al usar tales palabras, no habiendo nada en la
demanda que indique que el demandante fué perjudicado en modo alguno,
por el uso de las mismas, y que dichas expresiones no constituyen un libelo
*per se,* por no imputar al demandante la comisión de un delito en términos
claros y distintos.

ID.—SENTENCIA.—Si la corte declara con lugar una excepción previa y el deman-
dante no enmienda la demanda, ni se le concede permiso para enmendar,
el demandado tiene derecho a que se dicte sentencia definitiva a su favor.

ID.—COSTAS.—Las costas se imponen generalmente a la parte condenada por la
sentencia, haya o nó solicitado su imposición la parte a cuyo favor se dic-
tara la sentencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rafael López Landrón.*

Abogado del apelado: *Sr. Luis Muñoz Morales.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El error que fué alegado en esta apelación provino de haber
declarado con lugar la corte una excepción previa formulada
a la demanda, dictando posteriormente, y sin hacerse notifica-
ción especial alguna al demandante, sentencia definitiva en
dicho pleito declarando sin lugar la demanda e imponiendo
las costas al demandante. Alega la demanda que José Ma-
riano Capó, a pretexto de otorgar el demandado cierta escri-
tura a favor de Juan Carlos McCormick y otro el día 6 de
noviembre de 1909, en la ciudad de Guayama, ante el notario
Don Miguel Zavaleta, consignó e hizo consignar en el docu-
mento público ciertas palabras escritas y leídas por diferentes
personas referentes al demandante, con el propósito de des-

honrarle y difamarle atribuyéndole ilegal y falsamente haber empezado a ejecutar un grave delito, mediante estos conceptos: "Y en tal concepto la demanda a que nos referimos podría con fundamento juzgarse como un conato de estafa, si bien nosotros no lo atribuimos sino a debilidad de memoria de Don Juan Ignacio"; que el demandante se ha limitado a hacer uso de su derecho acudiendo a la autoridad judicial competente y, por tanto, solicita se dicte sentencia ordenando que el demandante recobre del demandado la suma de $6,000. El fundamento de la excepción previa fué que la demanda no aducía hechos suficientes para constituir una causa de acción.

Creemos que la corte estuvo acertada al declarar con lugar la excepción previa. Las palabras empleadas no imputaban de modo directo la comisión de un delito por parte del demandante. Es posible que tales palabras pudieran imputar una tentativa del demandante para cometer uno de los numerosos delitos comprendidos en la palabra "estafa." También es posible que aún con las palabras modificadas que usó el demandado, ellas hubieran sido libelosas asociándolas con otros hechos esenciales que no fueron alegados por el demandante. El usar palabras como las que aquí se han usado pudiera mostrar malicia por parte del demandado, pero sin otra afirmación más específica de malicia o falsedad por parte del demandado, así como sin hacerse alguna alegación que muestre que el demandante sufrió perjuicios por el uso de tales frases, no vemos que se hubiera mostrado una causa de acción. No se mostró a la corte algo por lo que pudiera apreciar que el demandado no debió haber empleado tales palabras, ni tampoco se ha alegado que el demandante sufrió algún daño o perjuicio. Las expresiones usadas no fueron por sí bastantes para fundar en ellas una acción. Para que lo hubieran sido, debieron haber imputado la comisión de un delito en términos claros.

La orden de la corte declarando con lugar la excepción previa fué dictada en 6 de septiembre de 1910. El día 14 de septiembre de 1910, la corte dictó su sentencia definitiva contra el demandante imponiéndole las costas, manifestando el

tribunal que el demandante no había hecho uso de la regla de la corte que permite a un demandante hacer enmiendas a sus alegaciones en el término de un día después de haber sido declarada con lugar la excepción previa. Sin tal enmienda o sin haberse permitido hacer enmiendas al demandante, el demandado tenía derecho a que se dictara una sentencia definitiva.

31 Cyc., 351 *et seq.*

También tuvimos oportunidad de considerar igual cuestión en el caso de *Vega et al.* v. *Rodríguez et al.,* fallado por este tribunal en 6 de marzo de 1911.

Se alega además otro error que hace referencia a la imposición de las costas. No comprendemos la índole del error alegado. Las costas generalmente van comprendidas en la sentencia y esto sucede así haciendo o no esa petición la parte a favor de la cual se dicte la sentencia. No se nos ha indicado que se haya infringido ninguno de los principios expresados en el Capítulo VI del Código de Enjuiciamiento Civil con respecto a costas.

No apareciendo error alguno en la sentencia debe la misma ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados del Toro y Aldrey.

El Juez Asociado Sr. MacLeary, no intervino en la resolución de este caso.